GEO. W. GIST *v.* JOHN AND MILO GIST, ADM'RS.

**Gifts—Personal Representative of Donor.**

A gift duly executed during the life of a donor can not be disregarded by the donor's personal representative.

**Executors and Administrators—Surcharging Settlement.**

An ex parte settlement by an administrator, with the county court, may be surcharged and corrected by the circuit court upon proper allegations and proof.

**Pleading—Cross-petition—Striking from Files.**

It is error to strike from the files defendant's cross-petition, when plaintiff would be compelled to pay back to defendant an amount equal to or greater than the same recovered by plaintiff, upon a demand of defendant.

APPEAL FROM FAYETTE CIRCUIT COURT.

December 14, 1872.

OPINION BY JUDGE LINDSAY:

The defenses set up to the two notes, the one for $1,266 for cattle, and the other for $1,000 for the rent of the farm, were not sustained, and appellant was properly held accountable for both of them. The judgment, however, for $1,350 for the cattle sold to Cravens and Doss was, we think, erroneous. We think it clearly established by the record that John Gist gave the cattle, or whatever interest he may have owned in them, to appellant. The gift was fully executed during the life of the donor, and can not now be disregarded by his personal representatives.

The claim of appellant for five thousand dollars as compensation for services in managing the business of his uncle, is not sustained by the evidence and was properly disallowed.

The answer and cross-petition of appellant filed the 11th of August, 1869, seems to have been filed without objection. It sets up a valid equitable set-off against the claims sought to be recovered in the consolidated actions being prosecuted by appellee, viz.: The amount due to appellant as one of the distributees of John Gist, deceased, which was alleged to be then due and payable. Appel-

lant claims that the same amounts to $2,998.52, and the commissioner's report shows it to be $2,318.52. We can see no valid reason why appellant should be compelled to pay the amount of the two notes upon which appellee is entitled to recover, when as a matter of law it will be the duty of appellee to pay back to him at once, an equal, if not a greater, amount. We think the court erred in striking this cross-petition from the files. The amount actually due appellant as distributee as aforesaid should have been ascertained, and a payment then rendered in accordance as the balance might be found to be in favor of one or the other party.

Whilst the exceptions to the commissioner's report were properly overruled, it does not follow that the ex parte settlement of appellee with the county court of Fayette county is conclusive as to the amount due appellant as one of the distributees of John Gist. The same may be surcharged and corrected by the circuit court upon proper allegations and proof. For the reason indicated the judgment in the consolidated cases must be reversed and further proceedings had in conformity with this opinion. The appellee, however, should not be taxed with the whole costs of the actions on account of a defense arising since the same were instituted, even though it may be ascertained that the balance is in favor of the appellant.

*Huster & Carr, for appellant.*

*Buckner, for appellees.*